IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
April 9, 2002 Session

## STATE OF TENNESSEE v. ROBBIE GENE POWERS

**Direct Appeal from the Circuit Court for Obion County**
**No. 1-77      William B. Acree, Jr., Judge**

---

**No. W2001-01950-CCA-R3-CD  - Filed May 16, 2002**

---

The Appellant, Robbie Gene Powers, challenges his convictions for driving under the influence of an intoxicant (DUI), third offense; driving on a revoked license, third offense; and violation of the implied consent law.  The Appellant received an effective sentence of eleven months and twenty-nine days, with six months and five days of incarceration in the county jail.  On appeal, the Appellant argues that: (1) the trial court erred in denying his motion to set aside or declare void two prior DUI convictions, which were used for enhancement purposes; (2) the evidence was insufficient to sustain his convictions; and (3) his sentences were excessive.  After a review of the record, we affirm the judgment of the Obion County Circuit Court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

Charles S. Kelly, Sr., Dyersburg, Tennessee, for the Appellant, Robbie Gene Powers.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Braden H. Boucek, Assistant Attorney General; Thomas A. Thomas, District Attorney General; and Kevin McAlpin, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On October 12, 2000, Officer Tara Bell Kube of the Obion Police Department, while on routine patrol, observed a red Camaro driving on the wrong side of the road with "no headlights on and no taillights [on]."  Before Officer Kube could stop the vehicle, the vehicle pulled over to the shoulder of the road in front of Terry Sampson's house in Obion.  Officer Kube pulled in behind the vehicle and activated her "blue lights."  The Appellant got out of the driver's side of the vehicle and

"staggered back to the patrol car." Upon encountering the Appellant, Officer Kube observed that his eyes were very bloodshot, his speech was slurred, and there was a strong odor of alcohol. She then asked the Appellant if he had a driver license; he responded "no." After obtaining the Appellant's name and social security number, Officer Kube ran a check on his driver license. While awaiting the license check, the Appellant walked up to Sampson's house and knocked on the door. Sampson's daughter answered the door and a conversation ensued. After learning that the Appellant's driver license was revoked, Officer Kube asked the Appellant to return to the yard. At this time, the Appellant asked if he was going to jail, and Officer Kube responded affirmatively. Officer Kube inquired whether the Appellant had been drinking that night; to which, the Appellant answered that "he'd had a few beers." As she attempted to handcuff the Appellant, he almost fell down. After the Appellant was arrested for DUI, he was placed in the back of the patrol car and transported to the county jail. Obion Police Chief Royce Aker, who was called to assist, observed that the Appellant "was very unsteady on his feet, his eyes were bloodshot, he had a strong odor of alcohol about his person, and he was very shaky."

After arrival at the jail, the Appellant was read the implied consent law. He refused a breath alcohol test, stating that "he was not blowing anything . . . [u]nder the advice of his attorney." After the Appellant refused the test, he was taken into one of the single holding cells, searched, and made to change clothes. Deputy Ben Hudson was in the booking area near where the Appellant was being held. Deputy Hudson "heard one of the jailers hollering, 'Spit it out.'" After Deputy Hudson entered the cell, he found marijuana lying on the cell floor. Deputy Hudson described the Appellant's demeanor as "kinda loud and fussy at times and just kind of plain hateful about everything."

On February 6, 2001, the Appellant was indicted for six offenses; count I - DUI; count II - DUI, third offense; count III - violation of the implied consent law; count IV - driving while privilege revoked; count V - driving on a revoked license, third offense; and count VI - possession of marijuana. Before trial, the Appellant filed a motion captioned "Motion to Set-Aside, Declare Void Two Prior D.U.I. Convictions For Enhancement Purposes," which was denied. At the Appellant's bench trial, he produced five witnesses, including his mother and father, who testified that he was driven to Sampson's house by his father and that he had been standing on the porch for a few minutes when the officer pulled in behind the vehicle and stopped. After the trial was concluded, the Appellant was found guilty of DUI, third offense; driving on a revoked license, third offense; and violation of implied consent law. This timely appeal followed.

## ANALYSIS

### I. Prior DUI Convictions

First, the Appellant argues that the trial court erred in denying his motion to set aside or declare void two prior general sessions court DUI convictions stemming from guilty pleas, which were used for enhancement purposes. In the Appellant's brief, he relies upon the following three

grounds:[1] (1) no tape recording or verbatim record of the guilty pleas was made in violation of Rule 11(g), Tennessee Rules of Criminal Procedure; (2) the pleas were entered before a non-lawyer judge in violation of the Appellant's constitutional rights to due process and equal protection, and (3) no separate, written documents or tape recordings exist, as required by Tennessee Code Annotated § 55-10-403(g)(1) (Supp. 2001), showing that the Appellant was advised, in writing or orally, of the penalty for second and subsequent offenses. The trial court denied the Appellant's motion, finding that the Appellant's attack on the general sessions court's judgments convicting him of DUI was barred by the one-year statute of limitations for post-conviction relief.

A judgment of the general sessions court is as final as a judgment rendered in a court of record. *State v. McClintock*, 732 S.W.2d 268, 270 (Tenn. 1987). "The rule is that unless invalid on its face, a prior judgment of conviction in a court with personal and subject matter jurisdiction cannot be collaterally attacked in a subsequent proceeding in which the challenged conviction is used to enhance punishment." *Id.* 272. Regularity of criminal proceedings in general sessions court is presumed where it appears on the face of the proceedings that the court had jurisdiction over the subject matter and of the parties. *State v. Tansil,* No. M2000-02940-CCA-R3-CD (Tenn. Crim. App. at Nashville, Sept. 18, 2001) (citing *McClintock*, 732 S.W.2d at 270). Such is the case before us.

A facially valid judgment in a criminal case may generally be attacked by: (1) post-trial motions under Rules 33, 34, 35, or 36, Tennessee Rules of Criminal Procedure, (2) direct appeal to the proper appellate court, and (3) the Post-Conviction Procedure Act, Tennessee Code Annotated §§ 40-30-101 to -310 (1997). *McClintock*, 732 S.W.2d. at 271. When the right to appeal is not preserved, a direct attack upon the prior judgment of conviction is foreclosed. *Id.* If the errors complained of are of constitutional dimensions, then post-conviction proceedings are the authorized route of attack. *Id.* at 271-72.

In the present case, the first and third grounds for relief as espoused by the Appellant do not raise constitutional issues, and therefore, are not cognizable in a petition for post-conviction relief. The proper avenue to raise such grounds for relief would have been by direct appeal of those convictions. The Appellant's second issue does raise constitutional concerns; however, in order for the Appellant's attack upon these convictions to be timely, a petition for post-conviction relief must have been filed within one (1) year of the date of the final action of the highest appellate court to which an appeal was taken. Tenn. Code Ann. § 40-30-202(a) (1997). "A petitioner has no fundamental right to collaterally attack a conviction, and due process requires only that a petitioner be provided an opportunity for the presentation of the claim at a meaningful time and in a meaningful manner." *State v. Nix*, 40 S.W.3d 459, 463 (Tenn. 2001). Accordingly, we find that the Appellant's attack upon these convictions was not lodged within one year from the date the convictions became final, and this issue is time-barred.

---

[1]In the Appellant's motion to vacate his previous DUI convictions, he relied upon a fourth ground; that he was not represented by counsel on either occasion when he pled guilty to the offense of DUI. However, this ground was withdrawn at the motion hearing because it was learned that the Appellant did have counsel on both occasions.

## II. Sufficiency of the Evidence

The Appellant argues that the State did not prove, beyond a reasonable doubt, that he was guilty of driving under the influence, third offense, and driving on a revoked license, third offense. Specifically, he contends that the evidence is overwhelming that he "was driven to the Sampson home in his red Camaro by his father and that he had been standing on the porch a few minutes when the officer pulled in and stopped. The evidence came from five witnesses: Bobby Powers, Patricia Powers, Shane Burpo, Robbie Hamm and Brian Stacks." Additionally, the Appellant submits that the trial court abused its discretion by disregarding, in its entirety, the testimony of five of the Appellant's witnesses that he was not driving the car on the evening in question, and that the evidence preponderates against such a finding.

A jury conviction removes the presumption of innocence with which a defendant is cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Likewise, it is not the duty of this court to revisit questions of witness credibility on appeal, that function being within the province of the trier of fact. *State v. Adkins*, 786 S.W.2d 642, 646 (Tenn. 1990); *State v. Burlison*, 868 S.W.2d 713, 719 (Tenn. Crim. App. 1993). Instead, the Appellant must establish that the evidence presented at trial was so deficient that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992).

In order to sustain a conviction for driving under the influence, third offense, the State must prove the following elements: (1) driving or being in physical control of a motor vehicle; (2) upon a public thoroughfare; (3) while under the influence of an intoxicant or drug; and (4) two previous DUI convictions. Tenn. Code Ann. § 55-10-401, 403 (1998 & Supp. 2001). A person is guilty of driving on a revoked license, third offense, if that person: (1) was driving a motor vehicle on any publicly maintained way open to the public for purposes of vehicular travel or on any premises frequented by the public at large; (2) at a time when the person's privilege to do so was cancelled, suspended, or revoked; and (3) had two previous convictions for driving on a revoked license. Tenn. Code Ann. § 55-50-504(a)(1), (2) (Supp. 2001).

The proof, in the light most favorable to the State, established that on October 12, 2000, Officer Tara Bell Kube observed the Appellant driving a vehicle on the wrong side of the road with "no headlights on and no taillights [on]." Officer Kube further testified that based upon the Appellant's demeanor, the Appellant was, in her opinion, intoxicated. At the time the offense was committed, his driver license was revoked. Furthermore, the Appellant's driving history showed that he had two previous convictions for DUI and driving on a revoked license. The determination of the weight and credibility of the testimony of witnesses and reconciliation of conflicts in that

testimony are matters entrusted exclusively to the trier of fact, and not this court. *State v. Sheffield*, 676 S.W.2d 542, 547 (Tenn. 1984). Despite the numerous conflicts within the proof at trial, as the arbiter of the credibility of the witnesses, the judge chose to accredit the testimony of the State's witnesses and reject the claims of the Appellant. The Appellant has had his day in court. This court may not reevaluate the evidence or substitute its inferences for those drawn by the trier of fact from the evidence. *Cabbage*, 571 S.W.2d at 835.

The testimony of Officer Kube sufficiently supports the Appellant's convictions; her testimony is not so improbable or unsatisfactory as to create a reasonable doubt of the Appellant's guilt. Accordingly, we find the evidence is sufficient to support the finding that the Appellant was guilty of DUI, third offense, and driving on a revoked license, third offense.

### III.  Sentencing

Finally, the Appellant contends that "the trial court erred in imposing an excessive sentence in this case and in holding the Appellant, who did not testify, responsible for the testimony of several witnesses whose statements the trial court stated he did not believe and disregarded in their entirety." Specifically, he argues that he should have received the minimum sentence, 120 days, on the DUI, third offense, conviction, and 45 days concurrent on the driving on a revoked license, third offense, conviction because he did not exhibit criminal behavior on a regular basis. The Appellant further argues that the trial court improperly enhanced his sentence because the trial court believed the Appellant's family and friends perjured themselves.

The trial court imposed a sentence of eleven months and twenty-nine days, with six months incarceration for DUI, third offense, a class A misdemeanor. For the class A misdemeanor conviction of driving on a revoked license, third offense, the Appellant received a sentence of eleven months and twenty-nine days, with six months incarceration to be served concurrently with the DUI, third offense, conviction. He was sentenced to eleven months and twenty-nine days for violation of the implied consent law, a class A misdemeanor offense, with five days incarceration to be served consecutively to the other convictions. The Appellant's effective sentence was a sentence of eleven months and twenty-nine days, with six months and five days of incarceration in the county jail.

When an appellant complains of his sentence on appeal, this court conducts a *de novo* review coupled with a presumption that the trial court's sentencing determinations are correct. Tenn. Code Ann. § 40-35-401(d) (1997); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). However, this presumption is conditioned upon an affirmative showing that the trial court considered the relevant sentencing principles and all pertinent facts and circumstances. *Ashby*, 823 S.W.2d at 169. Regardless of whether the presumption of correctness is applied, the burden of showing the impropriety of the sentence is on the appealing party. Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401 (1997).

Misdemeanor sentencing is governed by Tennessee Code Annotated § 40-35-302 (Supp. 2001). Although otherwise entitled to the same considerations under the Sentencing Reform Act of

1989, unlike a felon, a misdemeanant is not entitled to the presumption of a minimum sentence. *State v. Seaton*, 914 S.W.2d 129, 133 (Tenn. Crim. App. 1995) (citation omitted); *State v. Warren*, No. 01C01-9605-CC-00218 (Tenn. Crim. App. at Nashville, May 21, 1997) (citation omitted). Moreover, as a sentencing hearing is not mandatory, Tennessee Code Annotated § 40-35-302(a) (Supp. 2001), trial courts are not required to explicitly place their findings on the record, although such practice is beneficial for appellate review. *State v. Troutman*, 979 S.W.2d 271, 274 (Tenn. 1998), *State v. McKnight*, No. 01C01-9509-CC-00313 (Tenn. Crim. App. at Nashville, June 11, 1996), *perm. to appeal denied*, (Tenn. 1997). Additionally, while we acknowledge that the purpose of requiring the trial court to consider enhancement and mitigating factors in felony sentencing is to assure the determination of an appropriate sentence within the applicable sentencing range, we recognize that a misdemeanor sentence, as opposed to a felony sentence, contains no sentence range. *State v. Thompson*, No. 03C01-9703-CR-00105 (Tenn. Crim. App. at Knoxville, May 6, 1998). Thus, although strict compliance with formal procedures is vital in felony sentencing, in part to avoid disparity in the sentencing of defendants, such rigid compliance is not necessary in misdemeanor sentencing where the relative narrow sentencing periods encompassed by class A, B, and C misdemeanors eliminate *per se* the potential for disparity. *Id*. Accordingly, in misdemeanor cases, the trial judge, who is able to observe first-hand the demeanor and responses of the defendant while testifying, must be granted discretion in arriving at the appropriate sentence.

Even in light of the court's discretion and the less stringent procedures permitted in misdemeanor sentencing, a misdemeanant must be sentenced to a determinant sentence, including a percentage of that sentence which the offender must serve before becoming eligible for consideration of rehabilitative programs. Tenn. Code Ann. § 40-35-302(b), (d) (Supp. 2001); *see State v. Palmer*, 902 S.W.2d 391, 394 (Tenn. 1995). In determining the percentage of the sentence, the court may consider enhancement and mitigating factors as well as the legislative purposes and principles related to sentencing. Tenn. Code Ann. § 40-35-302(d) (Supp. 2001); *Troutman*, 979 S.W.2d at 274, *Palmer*, 902 S.W.2d at 393-94; *State v. Gilboy*, 857 S.W.2d 884, 888-89 (Tenn. Crim. App. 1993). However, the statutory enhancement and mitigating factors do not have to be the only factors considered by the trial court in determining the appropriate sentence. Indeed, consideration of the statutory enhancement factors may very well be futile in the area of misdemeanor sentencing since the very terms of certain enhancement factors limit their application solely to felony offenses. *See, e.g.*, Tenn. Code Ann.§ 40-35-114(11), -114(12), -114(13), -114(14) (Supp. 2001). Accordingly, the court should examine the misdemeanor offense in the light and character of the circumstances of the offense as well as under the mandated sentencing principles. *State v. Brannon*, No. 03C01-9508-CR-00233 (Tenn. Crim. App. at Knoxville, Apr. 3, 1996), *perm. to appeal denied*, (Tenn. 1996) (citing *Gilboy*, 857 S.W.2d at 889).

In addition to these guidelines for misdemeanor sentencing, a sentence in a DUI case must meet certain restrictions provided in the DUI statutes. *Palmer*, 902 S.W.2d at 394; *see Seaton*, 914 S.W.2d at 132. Specifically, Tennessee Code Annotated § 55-10-403(a)(1) (Supp. 2001) provides that the sentence for a third time DUI offender is confinement "in the county jail or workhouse for not less than one hundred and twenty days nor more than eleven months and twenty-nine days." Moreover, a DUI offender, unlike other misdemeanor offenders, can be sentenced to serve the entire

sentence imposed, or 100%. *Palmer*, 902 S.W.2d at 393-94; *but cf.* Tenn. Code Ann. § 40-35-302(d) (Supp. 2001) (maximum percentage is 75%). Thus, in effect, the statute mandates a maximum sentence for a DUI conviction "with the only function of the trial court being to determine what period above the minimum period of incarceration established by statute, if any, is to be suspended." *State v. Combs*, 945 S.W.2d 770, 774 (Tenn. Crim. App. 1996), *perm. to appeal denied*, (Tenn. 1997); *State v. Brice*, No. 03C01-9605-CC-00189 (Tenn. Crim. App. at Knoxville, Dec. 3, 1996).

Neither the State nor the Appellant presented any additional proof at the sentencing hearing. In pronouncing the Appellant's sentence, the trial court concluded that:

> enhancing factor number one applies in regard to the DUI, which is, the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, those convictions being for driving on a revoked license. The Court also considers the defendant's potential for rehabilitation, and the Court finds that that potential is not very good. Mr. Powers was on probation at the time this occurred. This is his third offense in a relatively short period of time. He continued to drive his vehicle anyway. The Court also is concerned about the testimony of his mother and daddy and his friends who came in to testify. As previously stated, the Court finds or is convinced that they have perjured themselves and came in here in an attempt to help Mr. Powers. . . . [I]t is inconceivable for the Court to believe that [Mr. Powers] hasn't discussed this with his parents and friends, and the Court is going to take that into account in sentencing the defendant. . . . [Y]our son is going to spend more time in jail because of what you said. In short the Court finds your potential for rehabilitation is lacking.

Despite the Appellant's argument, we cannot conclude that the trial court intended the recited findings concerning the perjured testimony of the Appellant's friends and family to be applied as an enhancement factor rather than as circumstances surrounding the offense. Thus, we cannot find that the trial court erred by considering these circumstances. We agree with the trial court that the Appellant has a previous criminal history and his potential for rehabilitation is lacking. In sum, we find these facts are appropriate for determining the appropriate percentage of incarceration.

The statutorily imposed sentence for a DUI, third offense, conviction is 364 days; the trial court imposed an incarceration period of 180 days. Tenn. Code Ann. § 55-10-403(a)(1) (Supp. 2001). The statutorily imposed sentence for a driving on a revoked license, third offense, conviction is 364 days; the trial court imposed an incarceration period of 180 days. Tenn. Code Ann. § 55-50-504 (Supp. 2001). The statutorily imposed sentence for violation of the implied consent law is 364 days; the trial court imposed an incarceration period of 5 days, the minimum sentence. Tenn. Code Ann. § 55-10-406 (Supp. 2001). The trial court was required to run the sentence imposed for violation of the implied consent law consecutive to the Appellant's other sentences. *Id*. For these reasons, we are unable to conclude that the Appellant has met his burden of showing that the sentence imposed by the trial court is excessive. Upon *de novo* review, we affirm the period of incarceration ordered by the trial court.

## CONCLUSION

Based upon the foregoing, we find that the Obion County Circuit Court did not err in denying the Appellant's motion to set aside or declare void his two prior DUI convictions, which were used for enhancement purposes. We conclude that the evidence was sufficient to find the essential elements of DUI, third offense; driving on a revoked license, third offense; and violation of the implied consent law. We further conclude that the sentencing issue raised by the Appellant is without merit. Accordingly, the judgments of conviction and resulting sentences are affirmed.

_____
DAVID G. HAYES, JUDGE